# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 19-02445-DOC-KES                                   Date: March 6, 2020

Title: NATALIE ROSAS v. BMW OF NORTH AMERICA, LLC

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]**

Before the Court is Plaintiff Natalie Rosas's ("Plaintiff") Motion to Remand Case to Orange County Superior Court ("Motion") (Dkt. 12). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court GRANTS Plaintiff's Motion to Remand.

### I.     Background

#### A.     Facts

The following facts are drawn from Plaintiff's Complaint ("Compl."), Notice of Removal (Dkt. 1), Ex. A at 6. This action relates to Plaintiff's vehicle, which she purchased "from BMW of El Cajon, located in El Cajon, California." Compl. ¶ 4. Plaintiff alleges that "[t]he subject vehicle has suffered from nonconformity(s) to warranty," *id.* ¶ 8, and she brings her claim under the Song-Beverly Consumer Warranty Act (the "Act"), *id.* ¶ 4. Defendant BMW of North America, LLC, ("Defendant" or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02445-DOC-KES　　　　　　　　　　　　　　　　　Date: March 6, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

"BMW NA") "manufactures, assembles, or produces consumer goods," and BMW NA "issued an 'express warranty' to Plaintiff," which "was an integral factor in [her] decision to purchase the subject vehicle." *Id.* ¶ 6–7.

### B.　Procedural History

Plaintiff originally filed suit in Orange County Superior Court, case number 30-2019-01108222-CU-BC-CJC, on October 29, 2019. Mot at 2. On December 17, 2019, Defendant filed a Notice of Removal (Dkt. 1), based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff filed the instant Motion (Dkt. 12) on January 16, 2020. On February 3, 2020, Defendant filed an Opposition (Dkt. 16), and Plaintiff submitted her Reply (Dkt. 17) on February 10, 2020.

## II.　Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

## III. Discussion

### A. The Motion to Remand Was Timely Filed

First, Defendant alleges that the instant Motion was untimely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Here, Plaintiff filed her Motion on January 16, 2020. Defendant filed its Notice of Removal on December 17, 2019. The Court therefore finds that Plaintiff has timely filed her motion to remand the case.

### B. The Notice of Removal Was Not Timely Filed

Timely *removal*, by contrast, is governed by 28 U.S.C. § 1446, which prescribes two different time limits in two corresponding scenarios. If the case stated by the initial pleading is removable, then the notice of removal must be filed within 30 days after the defendant receives the pleading or summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1). If, on the other hand, the initial pleading does not provide a basis for removal, then the defendant may file a notice of removal within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case . . . has become removable." 28 U.S.C. § 1446(b)(3). The Ninth Circuit has held that these time limits "are procedural rather than jurisdictional," and thus waivable by the parties, *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017), but the time limit is nevertheless "mandatory[,] and a timely objection to a late petition will defeat removal," *id.* at 1030 (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

Defendant, in its Opposition, does not argue that its removal was timely under the "initial" 30-day period as provided by § 1446(b)(1). Instead, Defendant asserts that its notice of removal was timely filed under § 1446(b)(3). Defendant claims that prior to its receipt of the purchase agreement between Plaintiff and Defendant, Defendant "had no information as to the Plaintiff's state of citizenship, and thus, it could not yet be ascertained that the case was removable under diversity of citizenship." Opp'n at 3. "BMW NA did not receive a copy of the purchase agreement for the Subject Vehicle until November 21, 2019." *Id.* Therefore, the argument goes, the 30-day period began after Defendant received the purchase agreement—i.e., on November 21, *id.*—and that Defendant met its deadline by filing the Notice of Removal on December 17, 2019. Plaintiff, on the other hand, argues that Defendant's reliance on 28 U.S.C. § 1446(b)(3) is

misplaced because the purchase agreement, upon which Defendant relies to establish timeliness, was not filed in state court. Mot. at 3–4.

Here, removal was indeed untimely because of a defect in the removal procedure. "The record of the state court is considered the sole source from which to ascertain whether a case originally not removable has since become removable." *Peabody v. Maud Van Cortland Hill Schroll Tr.*, 892 F.2d 775 (9th Cir. 1989); *see also Rossetto v. Oaktree Capital Mgmt.*, LLC, 664 F. Supp. 2d 1122, 1129 (D. Haw. 2009) ("In the Ninth Circuit, the document providing grounds for removal must be one filed in *state* court."). Plaintiff represents, and Defendant does not dispute, that the purchase agreement was not filed in state court. Defendant merely contends that its Notice of Removal was timely because it was filed within 30 days after it became evident that the case was removable—but this alone is not enough. Nor has Defendant presented any "other paper from which it may first be ascertained that the case . . . is or has become removable." 28 U.S.C. § 1446(b)(3).

In sum, Defendant has not argued that its removal was timely under § 1446(b)(1), and has not presented a "paper" in the state court record that would allow it to use the deadline provided by § 1446(b)(3). Plaintiff, for her part, has filed a timely objection to the timeliness of Defendant's removal, which, as the Ninth Circuit has held, is sufficient to defeat removal. The Court will therefore enforce this mandatory procedural requirement and remand the case to state court.

### C. Attorney's Fees

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

Here, the Court finds that Defendant lacked an objectively reasonable basis for removal. Ninth Circuit case law clearly establishes that the "paper" providing grounds for removal must have been filed in state court, and Defendant does not argue or allege that the purchase agreement was in the state court record. It was therefore objectively unreasonable for Defendant to rely on the purchase agreement to support the timeliness of its Notice of Removal.

Plaintiff requests $4,687.50 in attorney's fees. Reply at 4. Plaintiff's counsel charges $375 per hour and spent 5.5 hours on the Motion and 2.5 hours on the Reply. Decl. of Charles Kim (Dkt. 17-1) ¶ 7. Plaintiff's fee calculation includes 4.5 hours for counsel's travel and appearances relating to her Motion. *See id.* However, because the matter was resolved by the parties' submissions, only the fees relating to the Motion and Reply will be awarded. The Court finds that the hourly rate and time expenditures are reasonable, and, in its discretion, awards $3,000 in attorney's fees to Plaintiff.

## IV.    Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand. The Court also AWARDS Plaintiff $3,000 in attorney's fees.

The Clerk shall serve this minute order on the parties.